Bergan, J.
(dissenting). The District Attorney concedes the search warrant was bad, i.e., “We acknowledge, to take as many issues out of the case as possible, that the search warrant was properly vacated ’ ’. Defendant had paid for personal use of the locker and, as far as he was concerned, the People also admit, *364 a search of the locker by police without a warrant “ would be invalid ’ ’.
No doubt the principal of the school had a supervisory power to inspect the locker. But if an invalid warrant was used to compel him to exercise this power, and if it adversely affected the constitutional right of the defendant to be secure against unlawful search and seizure, this invalid compulsion under a bad search warrant was as much an invasion of defendant’s rights as if the police, under the purported authority of the warrant, had broken the door of the locker or compelled the defendant himself to open it.
There can be no doubt, reading this record, that the principal opened the door, not because he was exercising a free supervisory control over the locker in the interest of the school program, but because he felt the invalid search warrant compelled him to do so. He affirmatively answered the question that in opening the door he was “ honoring the search warrant
Nor does United States v. Botsch (364 F. 2d 542) support the People in this case. There, the owner of a rented shed, having a key and requested by the tenant to deposit certain deliveries of goods in the shed, became concerned about his own involvement in a crime, and invited postal inspectors, without a warrant, to come into the premises. This has no relevance to the effect of compulsion exerted by an invalid warrant on the rights of a person affected by such compulsion.
The order should be affirmed.
Judges Van Voorhis, Burke, Scileppi and Breitel concur with Judge Keating; Judge Bergan dissents and votes to affirm in an opinion in which Chief Judge Fuld concurs.
Order of Appellate Term reversed and matter remitted to that court for further proceedings in accordance with the opinion herein.